Washington Bailey *v.* Delta Electric Light, Power & Manufacturing Company.

1. Joint Tort Feasors. *Liable jointly or severally.*

Joint tort feasors are jointly and severally liable, and may be sued either singly or jointly.

2. Same. *Full satisfaction from one releases all.*

Full satisfaction received from one of several tort feasors releases all of them.

3. Same. *Partial satisfaction. Partial release.*

Partial satisfaction by a master for injuries to a servant caused by the master's failure to provide a safe place to work, made in consideration of a release executed by the servant to the master, which is not intended as a settlement in full for the injuries, and which is not received as full compensation, does not release a third person whose servant's negligence concurred in causing the injury, but, at most, entitles the latter to a credit, upon the

amount of damages awarded against it, of the amount received by the injured servant from his master.

FROM the circuit court of Washington county.

HON. A. McC. KIMBROUGH, Chancellor.

Bailey, the appellant, was plaintiff in the court below; the Delta, etc., Company, the appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

Bailey brought this suit against the Delta Electric Light, Power & Manufacturing Company and the Cumberland Telephone & Telegraph Company to recover damages for personal injuries. The Cumberland Telephone & Telegraph Company pleaded the general issue and accord and satisfaction, and filed with the latter plea a written release from all actions, causes of actions, suits, controversies, claims, and demands for the injuries received by Bailey. Appellee pleaded the general issue and accord and satisfaction, and filed with the latter plea a copy of the release made by plaintiff to the Cumberland Telephone & Telegraph Company. Plaintiff dismissed the suit as to the Cumberland Telephone & Telegraph Company, and filed the following replication to the plea of accord and satisfaction filed by appellee:

"Plaintiff, in accepting the sum of $56.65 from the Cumberland Telephone & Telegraph Company, and in executing the release, should not be precluded from recovering against the Delta Electric Light, Power & Manufacturing Company, because the release was not intended to be in full settlement of said cause of action, but was intended to be only a partial settlement of said cause of action, and a release of the said telephone and telegraph company, and not a settlement with and release of the Delta Electric Light, Power & Manufacturing Company; that the sum so paid was paid and received only for the purpose of, and as a partial compensation to, plaintiff for his physician's bill and loss of time, and for which plaintiff

released the Cumberland Telephone & Telegraph Company, to which the Delta Electric Light, Power & Manufacturing Company was not a party or in any way a beneficiary, and, at best, could only have the sum so paid credited on its liability to plaintiff; that, while the defendants were joint tort feasors, they were only so by the concurrence of their negligence, which negligence was, as to the Cumberland Telephone & Telegraph Company, permissive, while as to the Delta Electric Light, Power & Manufacturing Company it was commissive, and the partial settlement with the Cumberland Telephone & Telegraph Company cannot be availed of by the Delta Electric Light, Power & Manufacturing Company as a defense in this cause."

The defendant demurred to this replication, and the demurrer was sustained by the court. Plaintiff declined to plead further, and judgment final was rendered against him.

*Jayne & Watson,* for appellant.

*Thomas & Rose,* for appellee.

[The briefs of counsel in this case did not reach the reporter; hence a synopsis of them is not given.]

TRULY, J., delivered the opinion of the court.

It is a universally established principle of law that joint tort feasors are both jointly and severally liable, and may be proceeded against either singly or jointly, individually or all combined. It is also well settled that, where a party has once received full satisfaction and compensation for an injury inflicted, no matter from which one of several tort feasors, all are thereby released. The underlying reasoning supporting this rule is that a party injured is only entitled to receive full compensation, and so, having once obtained redress for the injury inflicted, he cannot prosecute suits against the others, though they be equally liable. But this principle has no application

to the state of case made by the allegations of the declaration, when considered in connection with the facts averred in plaintiff's first replication. The declaration states a cause of concurrent negligence, but the legal principle which fixes liability upon the two tort feasors joined in the suit is essentially different; the Cumberland Telephone & Telegraph Company being liable by reason of an alleged failure to discharge the duty which the master owes to his servants in providing a safe place to work; the appellee being liable, if at all, for the negligent acts of its employes. The negligence of one is passive, and of the other active, though the negligence of both concurred in inflicting the injury. Under this state of facts, the partial satisfaction for the injuries received by the servant made by the master, not intended to be a settlement in full and not received as, nor in fact being, full compensation, cannot inure to the other person whose concurrent negligence caused the injury complained of. We are not unmindful that in many jurisdictions it is held that any release of one tort feasor operates to absolve all others from liability. We prefer, however, to adopt the reasoning of that other numerous line of decisions which holds that, in order for such release to have this legal effect, the satisfaction received by the party injured must be intended to be, and accepted as, full compensation for all injuries inflicted. This is more in accord with justice, and in better harmony with the principles of enlightened jurisprudence, which will not permit a party suffering a wrong to be deprived of his right to redress by any purely technical reasoning. We refer specially, as supporting this conclusion, to the strongly reasoned case of *Louisville & Evansville Mail Co.* v *Barnes, Adm'r,* 79 S. W., 261 (64 L. R. A., 574), where the whole subject is exhaustively discussed, and the true rule clearly and definitely set out.

In the instant case, all that the appellee would have the right to claim, should its liability be established, would be to have credited the amount received by the appellant from the Cum-

berland Telephone & Telegraph Company upon the amount of damages which the appellant may have sustained.

The demurrer to appellant's first replication should have been overruled.

*Reversed and remanded.*