CAROLINE LACKEY *v.* SAINT LOUIS & SAN FRANCISCO
R. R. CO.

[59 South. 97.]

1. PLEADING. *Motion to strike out parts of pleading. Requisites. Judgment. Issues. Instructions. Excluding issues. Motions.*

A motion to strike out certain portions of a declaration should not be made orally, but should be in writing and filed with the clerk, and the judgment of the court, overruling or sustaining it, should be entered on the minutes. In the absence of such an order entered on the minutes of the court, the declaration remains as it was originally written.

2. JUDGMENT. *Pleading. Issue. Evidence.*

Where in a suit against a railroad company for failure to keep open ditches on its right of way to protect adjacent lands, the declaration alleged that the railroad company negligently constructed its roadbed so that it obstructed the waters of a creek and caused it to flood plaintiff's land and that plaintiff obtained judgment against it on account thereof. That as a settlement the railroad company contracted and agreed to maintain ditches on its right of way to protect plaintiff's land and to pay him one hundred and fifty dollars in consideration of his releasing the company from liability for damages. These allegations do not show that evidence of the judgment were admissible, since if the one hundred and fifty dollars referred to in the contract and the work to be done by the railroad was in satisfaction of the judgment, then this satisfaction of the judgment was a part of the consideration of the contract and could have been proven, but if this contract related only to a settlement of damages which had accrued since the rendition of the former judgment and damages to accrue thereafter, this evidence of the former judgment was irrelevant and not admissible.

3. TRIAL. *Instructions. Excluding issues.*

Where in a suit against a railroad company for failure to keep open ditches on its right of way to protect adjacent lands, the evidence showed that such land was always flooded in time of high water, but that when the ditches were open it ran off plaintiff's land rapidly without doing any damage to the lands or crops and when they were closed the water stood on the land for a long time and

damaged the land and the crops. In such case it was error to grant an instruction for the defendant railroad company, that "if the jury believes from the evidence that plaintiff's land was overflowed by surface or overflow water, from the streams running through or adjacent thereto, without reference to the ditch along the railroad right of way, then the jury should find for the defendant," as this instruction eliminated from the consideration of the jury one of the principal factors in plaintiff's claim for damage.

APPEAL from the circuit court of Lee county.

HON. J. H. MITCHELL, Judge.

Suit by Caroline Lackey et al. against the St. Louis & San Francisco Railroad Company. From a judgment for defendant, plaintiff appeals.

The following is the second count of the declaration, referred to in the opinion.

"(2) And for further cause of action plaintiffs aver that said defendant, being incorporated as a railroad company as aforesaid, did on or about the —— day of ——, 1886, enter upon said land while so owned and in the possession of the said W. L. Lackey, and did then and there build its railroad roadbed, embankments, trestles, excavations, etc., on said land and other land of the said W. L. Lackey, and of others adjacent thereto, and did so negligently and unskillfully construct, build, and maintain its said railroad roadbed, embankments, and trestles, that the waters of Town creek and the waters off of the surrounding land were turned, diverted, and obstructed from their accustomed channel and flow, and were thrown and cast upon said land, and stood upon said land, and it caused the said W. L. Lackey great loss by way of drowning of the crops thereon, and injuring the value of said land, and that on the —— day of ——, 189—, the said W. L. Lackey brought suit in the circuit court of Lee county, Mississippi, against said defendant, on account of said negligent and unskillful construction of said railroad and for the injury caused thereby to him, and on the trial of said cause obtained a judgment

in the sum of ——, which said clause is No. —— in said
court, and all of the proceedings and judgments in said
cause are hereby referred to and made a part of this
declaration, and which said judgment was paid off and
discharged by the said railroad company, and, as a com-
promise and settlement between the said W. L. Lackey
and said railroad company, said railroad company en-
tered into a written agreement to build and construct
certain ditches and to fill up trestle No. 216 to take said
water off of said land, and agreed to keep open the same,
and that in pursuance to said written agreement said
defendant railroad company did for many years keep
open said ditches and protected this land to a great ex-
tent from overflow, and that during said time said lands
made large crops, and the said W. L. Lackey during his
lifetime received large returns therefrom in the way of
rents, and that since his death these plaintiffs received
large sums of money for rent of the same, to wit, about
the sum of seven dollars per acre, as long as said con-
tract of compromise was carried out and performed by
said railroad company; but, notwithstanding said agree-
ment of said railroad company to keep open said ditches
as agreed upon by said compromise agreement, said
railroad about seven years ago, in total disregard of this
said contract, allowed said ditches to fill up, so that the
same would not carry off the waters of Town creek and
overflow waters from surrounding lands, so negligently
and wrongfully thrown and cast upon the said land of
plaintiffs, and by reason of said failure of said railroad
company to carry out its said contract the waters of
Town creek and the waters off of the surrounding and
adjacent lands, during the years 1905, 1906, 1907, 1908,
1909, and 1910, have been thrown and cast upon the land
of the plaintiffs, and have caused them great loss on
account thereof, towit, in about the sum of one hundred
and seventy-five dollars as rent of said land for each of
said years 1905, 1906, 1907, 1908, 1909, and 1910. Where-

fore plaintiff sues, and demands judgment for the sum of ten hundred and fifty dollars, together with the costs of this cause."

The following is the agreement referred to in the opinion:

"Whereas, I, the undersigned, W. L. Lackey, am the owner of the south half of the northeast quarter of section 6, township 9, range 5, in Lee county, Mississippi, across which the track of the Kansas City, Memphis & Birmingham Railroad has for several years been constructed, maintained, and operated, and is now maintained and operated; and whereas, I have claimed that, in consequence of the improper construction of said railroad across said land, the latter has been damaged in various ways, and that for such damage said railway was and is liable to me; and whereas, I have claimed and do claim that, by making of certain changes in said railroad across said land, all chances of its sustaining damage in the future therefrom might be removed, and have directed what changes shall be made to accomplish that purpose, and agree with said railroad that if such work was done, and the sum of one hundred and fifty ($150) dollars paid to me, I would release it from all liability for such damages either heretofore or to be sustained by said land; and whereas, said railroad company accepted my said proposition and has completed said work, and has paid said sum of money to me; Now, therefore, know all men by these presents that I, the said W. L. Lackey, for and in consideration of the sum of one hundred and fifty dollars to me in hand paid by the railroad company, the receipt whereof is hereby acknowledged, and for the further consideration of the work done by said company at my request, as hereinbefore set forth, which work consists of the following: The closing up of trestle No. 216, on said land, and the cutting into a continuous ditch of the borrow pits on each side of the track, over and along said land, which work has been

completed in each detail, to my satisfaction, and in the manner prescribed and directed by me, and that for said consideration, and each of them, I do hereby release said Kansas City, Memphis & Birmingham Railroad Company, its successors and assigns, its officers and agents and employees, from all actions, causes of action, suits, and damages of every nature whatsoever that have accrued to me on the northeast quarter of section 6, township 9, range 5 east, in said Lee county, Mississippi, up to the date of this instrument, and for all that may hereafter accrue to me onto said land, or that the same may sustain in any way by reason and during the continuance of the maintenance and operation of said railroad thereover, as the same is now constructed. This release and the covenants therein shall be binding, not only upon me, but my heirs, executors, administrators, and assigns, and shall run with and be binding upon the land herein described. In testimony whereof, I have hereunto set my hand and seal this 19th day of August, 1895. [Signed] William L. Lackey."

On appeal, among other errors assigned, is the granting of instruction No. 3, for the defendant, which is as follows: "(3) The court instructs the jury, for the defendant, that if they believe from the evidence that the plaintiff's land is overflowed by surface water, or overflow water, from the streams running through or adjacent to plaintiff's land, without reference to the ditch along the railroad right of way, then the jury will find for the defendant."

*Anderson & Long,* for appellants.

*J. W. Buchanan* and *E. O. Sykes,* for appellee.

No brief of counsel on either side found in the record.

SMITH, J., delivered the opinion of the court.

This cause was formerly before this court on demurrer, and will be found reported in 94 Miss. 893, 48 South.

238. It is a suit in which appellants seek to recover of appellee damages alleged to have been sustained by reason of a portion of their land, adjoining appellee's right of way, being overflowed with water, on account of appellee not maintaining an outlet as it had contracted to do. The second count of the declaration, and the contract entered into between appellee and W. L. Lackey, will be set out in full by the reporter.

According to the bill of exceptions, "after the jury had been duly impaneled and accepted by both sides, the jury was here retired, and the defendant moves the court to strike out certain parts of the second count of both declarations, these parties in their declarations setting up facts of the original lawsuit between W. L. Lackey and the railroad company, and all the papers pertaining to that suit, etc.—everything relating to that suit—and we desire the court to strike out the whole of the second count." In ruling on this motion, the court used the following language: "I don't think any testimony about this judgment is competent. The agreement itself shows that there was a controversy between them, and the mere fact that there has been a lawsuit between these parties I don't think is competent. The court will therefore sustain the motion." A motion of this character should not be made orally, but should be in writing and filed with the clerk, and the judgment of the court, overruling or sustaining it, should be entered on the minutes. In the absence of such an order entered on the minutes of the court, the declaration remains as it was originally written.

It is impossible for us to ascertain from this declaration whether evidence of this judgment was admissible or not. If the one hundred and fifty dollars referred to in the contract, and the work to be done by appellee, was in satisfaction of this judgment, then this satisfaction of the judgment was a part of the consideration of the contract and could have been proven; but if this contract related only to the settlement of damages which had

accrued since the rendition of the former judgment and damages to accrue thereafter, then evidence of the former judgment was irrelevant and not admissible. We say this much in view of the fact that a new trial must be granted on another ground.

The gravamen of appellant's complaint is, not that this land would not overflow at all if this ditch was kept open, but that when it did overflow the water would be conducted off of it by the ditch, if kept open, before any damage could be done to the land or to the crops growing thereon. It is clear from the evidence of both appellants and appellee that this land has always overflowed, and will continue to overflow, during periods of high water, irrespective of whether the ditch is kept open or not; but it also appears from the evidence introduced by appellants, apparently without contradiction, that if the ditch is kept open it will conduct the water off of the land in a short time, and that no damage will result therefrom. It also appears from the evidence introduced by appellants, also apparently without contradiction, that for several years after the execution of this contract appellee did keep this ditch open, and that during all of that time, although the land continued to overflow during periods of high water, no damage resulted to either the land or the crops thereon, for the reason that the water was quickly conducted off of the land by the ditch. Since the ditch has been allowed to fill up, this overflow water, having no outlet, remains on the ground, soaks in, and consequently ruins the crops. The third instruction, granted by the court at the request of appellee, therefore eliminated from the consideration of the jury one of the principal factors in appellant's claim for damages.

The error in granting this instruction not having been cured by any other instruction granted for either side, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*