OLIVER *v.* MILES.*

(Division B. Nov. 22, 1926. Suggestion of Error Overruled Jan. 3, 1927.)

[110 So. 666. No. 25964.]

1. COURTS. *Pleading Amendment to declaration, after issue joined, can only be legally made by order entered on minutes; court can only speak through its minutes.*

An amendment to a declaration, after issue joined, can only be legally made by an order entered on the minutes of the court; the court can only speak through its minutes. *Lackey* v. *Railroad Co.*, 102 Miss. 339, 59 So. 97, cited.

2. TORTS. *Complainant may recover against either of two persons sued for joint tort.*

In a suit against two persons, sued for a joint tort, the complainant may recover against either, as the liability in such case is joint and several. *Bailey* v. *Delta Electric Light, Power & Manufacturing Co.*, 86 Miss. 634, 38 So. 354, and other cases cited.

3. WEAPONS. *Where men hunting together, both fired and injured person on public highway, they were jointly and severally liable, although impossible to tell who inflicted injury.*

   Where two parties were jointly engaged in a hunting expedition, and, during such hunt, both fired across a public highway, and a person traveling thereon was shot, the parties, are jointly and severally liable, although it is impossible to tell with certainty who inflicted the injury.

*Corpus Juris-Cyc. References: Courts, 15 C. J., p. 979, n. 59, 60; Pleading, 31 Cyc., p. 377, n. 94 New; Torts, 38 Cyc., p. 490, n. 25; Weapons, 40 Cyc., p. 873, n. 89 New; Negligence of member of joint enterprise imputed to others, see 20 R. C. L. 149; 4 R. C. L. Supp. 1340; 5 R. C. L. Supp. 1083; 6 R. C. L. Supp. 1194.

APPEAL from circuit court of Lauderdale county.

HON. R. M. BOURDEAUX, Judge.

Action by Lee Miles against L. S. Oliver and another, begun in a justice court. From a judgment for plaintiff, defendants appealed to circuit court. Plaintiff took a nonsuit as to defendant Gordon Shamburger. From a judgment for plaintiff, defendant Oliver appeals. Affirmed.

*Chas. B. Cameron,* for appellant.

A peremptory instruction should have been granted to the appellant because the testimony on the part of the appellee wholly fails to show that his son was injured through the negligence of the appellant, Oliver.

The appellant and the man Shamburger were in the field hunting and they both fired according to the testimony for the appellee and a shot struck the son of appellee in the eye. The court will see that the record contains the statement of the injured party to the effect that he did not know who shot him, nor which one of the two shots struck him and, of course, did not know whether he was injured by the appellant or by the other man, Shamburger.

We have, in this instance an accident which may have resulted from any one of a number of different causes

and in any of a number of different ways, some one of which may have rendered the appellant liable and others may not have rendered him liable.

It was, therefore, incumbent upon the appellee to establish the negligence of this appellant by affirmative proof. The inability of the injured party to identify the appellant as the man guilty of negligence simply left this question to the conjecture and guess work of, the jury. Surmise, conjecture and guess work cannot be made the basis of a recovery where the law demands proof of negligence affirmatively. On this question I call the court's attention to the following authorities: *Bennett* v. *Washington Terminal Co.*, 2 Fed. (2nd Series) 913.; *Patton* v. *R. R. Co.*, 179 U. S. 658, 45 L. Ed. 361; *American Cast Iron Pipe Co.* v. *Landrum*, 62 So. (Ala.), 757; *Norfolk & Portsmouth Belt Line Ry. Co.* v. *White*, 129 S. E. 339; *Smith* v. *Philadelphia Ry. Co.*, 3 Fed. (2nd Series) 604; and *Bean* v. *Independent Torpedo Co.*, 4 Fed. (2nd Series) 504; *Hinds, Director General*, v. *Walls*, *Kentucky Court of Appeals*, 239 S. W. 451 and 453.

This cause should be reversed and judgment entered.

*Williamson & Gipson*, for appellee.

Appellant contends that the testimony was wholly insufficient to show legal liability on the part of the appellant and contends that "the burden of proof was upon the appellee to show that the injury was occasioned by the negligence of the appellant, Oliver, to the exclusion of the negligence of all other parties."

The suit, however, was brought against Oliver and Shamburger by reason of their joint and several liability growing out of their negligence, and in Mississippi in such cases the injured party may sue and recover against any one or more joint tortfeasors without showing the negligence of one to the exclusion of all others. 26 R. C. L., pp. 764-65 and authorities cited; *Nelson* v. *I. C. R. R. Co.*, 53 So. 619

We maintain that the appellant, Oliver, and his companion, Shamburger, owed the boy whose eye was shot a common duty to prevent, if reasonably possible, their guns or either of them from being fired in the direction of and across the public highway at a time when they both knew or by the exercise of reasonable care and diligence should have seen or known that the minor son of appellee was then and there walking in said public highway at a place where the shot from said gun or guns would likely strike him and injure him

In the case at bar Oliver and Shamburger drove from Meridian to the Collinsville community in the same car for the express purpose of hunting and shooting partridges and they carried bird dogs along to aid them in carrying out their common design, their community of purpose. They were acting in concert at the time and place; and they were both then and there under a common duty to exercise reasonable care and diligence to prevent personal injury to anyone rightfully using or walking in said public highway. They participated in their common program, aided and abetted in the wrong that was committed. Neither of them by word or deed put forth any effort to prevent injury to appellee's son as per their common duty under the circumstances that then and there existed. 38 Cyc., page 483, section 2, and authorities there cited.

Argued orally by *Chas B. Cameron,* for appellant, and *Nate S. Williamson,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Lee Miles, the appellee, was plaintiff in the court below and filed suit against the appellant, L. S. Oliver, and Gordon Shamburger, for one hundred ninety-nine dollars, his damage for an injury inflicted upon his son, Lavell Miles. The suit originated in a justice of the peace court, and judgment was rendered there in favor

of Lee Miles for the amount sued for, from which judgment both Shamburger and Oliver appealed to the circuit court, where the case was tried anew.

It appears from the evidence that Shamburger and Oliver had gone out into the country near Collinsville, northwest of Meridian, to hunt birds. They were traveling in a car and passed the boy, Lavell Miles, a short distance from where they stopped the car and got out and went in a westerly direction from the highway, to a point where their dogs had located a covey of partridges. When they approached this place, the partridges, instead of flying in the opposite direction, flew over their heads and across the public highway, and Oliver and Shamburger fired back towards the highway in shooting at the birds and struck Lavell Miles, who was traveling along the edge of the highway in a footpath running along the outer ditches, but between the right of way of the highway. One of the shot fired struck the boy in the eye, resulting in its loss and the necessity of its removal; and the expense of the father in having this done, and the loss of time of the boy from his work during the period he was disabled, and the cost of an artificial eye, and the inconvenience and loss of time caused Miles, the father, constitute the subject-matter of this suit.

Lavell Miles testified that he was traveling along, as above stated, when the guns fired; that he saw the smoke coming from the guns in his direction, and was struck by the shot, one in the eye and some in the leg, but that he was unable to say from which gun the shot that struck him came. At the conclusion of the plaintiff's evidence, the defendants moved for a directed verdict on the ground that the proof did not show which one did the damage, and it devolved upon the plaintiff to show this, as a condition for recovery. The special judge who tried the case below announced that, unless he would elect one or the other, he would grant this peremptory instruction. Thereupon the plaintiff elected a nonsuit as to Shamburger and to proceed against Oliver, but no

order was entered upon the minutes of the court in reference thereto. The suit instituted against Oliver resulted in a verdict in favor of the plaintiff for the amount sued for, and, upon this judgment, this appeal is prosecuted.

It is contended by the appellant that the recovery cannot be upheld, first, because this amendment or order was not entered upon the minutes showing nonsuit, and that the declaration stands as though no amendment had been made thereto, under the holdings of this court in *Lackey* v. *Railroad Co.,* 102 Miss. 339, 59 So. 97, and that the rule is that no recovery can be had, where the suit is a suit for a joint tort and not for a several tort; and, having brought suit for a joint tort, plaintiff cannot recover from one alone, and that the action of the defendants below was not joint, but was several, and therefore that one could not be held responsible for the act of the other. While the stenographer's notes show that the plaintiff elected to nonsuit as to Shamburger, the case of *Lackey* v. *Railroad,* 102 Miss. 339, 59 So. 97, holds that the order must be entered upon the minutes, that the court can only speak through its minutes, and we must treat the case as being one of joint suit against the two defendants.

In *Sawmill Construction Co.* v. *Bright* and *Bright* v. *Finkbine Lumber Co.,* 116 Miss. 491, 77 So. 316, we held that it is settled in this state that tortfeasors may be sued jointly and severally, and that one joint tortfeasor is not released from liability by suit or judgment against the others. In the opinion on this point, we cited and relied upon *Bailey* v. *Delta Electric Light, Power & Manufacturing Co.,* 86 Miss. 634, 38 So. 354. In the Bright case, Robert Bright, a minor, brought suit against the Sawmill Construction Company and the Finkbine Lumber Company for an injury received. It was alleged that the Finkbine Lumber Company had contracted with the Sawmill Construction Company to do a portion of its work in erecting its mill; that the plaintiff was employed

as a common laborer to assist in mixing or making con-
crete used in the construction of the said mill, and that,
while thus engaged, the foreman of the defendants com-
manded the plaintiff to crank an engine, commonly known
as the ripsaw engine and used in said plant in the con-
struction thereof; that he was ignorant of the dangers,
etc.; and that by reason thereof he was injured. The tes-
timony in that case showed that the plaintiff was em-
ployed by the Sawmill Construction Company and was
paid by that Company, but that it was the practice of the
Sawmill Construction Company and the Finkbine Lum-
ber Company to work their respective employees in com-
mon and to exchange the services of the employees when-
ever either thought it proper to do so. It was contended
by the Finkbine Lumber Company that they were not
liable because the relation of master and servant did
not exist.

In the case of *Bailey* v. *Delta Electric Light, Power &
Manufacturing Co.*, 86 Miss. 634, 38 So. 354, Bailey
brought suit against the Delta Light, Power & Manufac-
turing Company and the Cumberland Telephone & Tele-
graph Company to recover damages for personal inju-
ries. The Cumberland Telephone & Telegraph Company
pleaded the general issue and accord and satisfaction,
and filed with the latter plea a written release from all
actions, claims, etc., for the injuries received by Bailey.
The Delta Electric Light, Power & Manufacturing Com-
pany pleaded the general issue and accord and satisfac-
tion, and filed with the latter plea a copy of the release
made by the Cumberland Telephone & Telegraph Com-
pany. To this plea, the plaintiff replied that, in accept-
ing the sum paid by the Cumberland Telephone & Tele-
graph Company, and in executing the release, he should
not be precluded from recovering against the Delta Light,
Power & Manufacturing Company, because the release
was not in full settlement of the cause of action, but was
intended to be a partial settlement of the cause of ac-
tion. The court, in its opinion, said:

"The declaration states a cause of concurrent negligence, but the legal principle which fixes liability upon the two tortfeasors joined in the suit is essentially different; the Cumberland Telephone & Telegraph Company being liable by reason of an alleged failure to discharge the duty which the master owes to his servants in providing a safe place to work; the appellee [Delta Light, Power & Manufacturing Company] being liable, if at all, for the negligent act of its employees. The negligence of one is passive, and of the other active, though the negligence of both concurred in inflicting the injury. Under this state of facts, the partial satisfaction for the injuries received by the servant made by the master, not intended to be a settlement in full and not received as, nor in fact being, full compensation, cannot inure to the other person whose concurrent negligence caused the injury complained of."

The court cites *Louisville & Evansville Mail Co.* v. *Barnes*, Adm'r, 117 Ky. 860, 79 S. W. 261, 64 L. R. A. 574, 111 Am. St. Rep. 273.

In 20 R. C. L. p. 149, section 122, it is said:

"If two or more persons united in the joint prosecution of a common purpose, under such circumstances that each has authority, express or implied, to act for all, in respect to the control of the means and agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to the others. Accordingly, it has been held that where two persons are engaged in a joint enterprise in operating an automobile, the contributory negligence of one will bar a recovery by either, if it is a matter within the scope of the joint agreement." (citing *Beaucage* v. *Mercer*, 206 Mass. 492, 92 N. E. 774, 138 Am. St. Rep. 401).

In *Cullinan* v. *Tetrault*, 123 Me. 302, 122 A. 770, 31 A. L. R. 1330, the court held, in a case where a person left a boy in a drug store incompetent to take charge and sell drugs, that the proprietor would be liable for the injuries caused by the boy's mistakes in attempting to

sell drugs, although he was not instructed to sell drugs; but it also held that if two persons enter a drug store to procure an extract for beverage purposes, and one undertakes to make the purchase, his negligence in doing so is imputed to his companion, so as to defeat the action on the ground of contributory negligence; and that the two persons purchasing, being engaged in a joint enterprise in purchasing the beverage, the negligence of one was attributable to the other, so as to make the contributory negligence of one defeat the right of the other.

In *Lucey* v. *John Hope & Sons Engraving & Mfg. Co., et al.,* 45 R. I. 103, 120 A. 62, the court held that, where an automobile owned by a corporation, in which only two persons were interested, was being driven by one, accompanied by the other, on a mutual pleasure trip, they were engaged in a common enterprise, so as to make the negligence of the driver in injuring a third person in a collision chargeable to the passenger, and to render them jointly liable for such injuries.

In the present case, the parties were engaged in hunting jointly, and both fired across a public highway, which was a negligent act. We think that they were jointly engaged in the unlawful enterprise of shooting at birds flying over the highway; that they were in pursuit of a common purpose; that each did an unlawful act, in the pursuit thereof; and that each is liable for the resulting injury to the boy, although no one can say definitely who actually shot him. To hold otherwise would be to exonerate both from liability, although each was negligent, and the injury resulted from such negligence. We therefore are of the opinion that the court below did not err in this respect.

We do not think there is any merit in the other contentions, and the judgment of the lower court will be affirmed.

*Affirmed.*