SAWMILL CONST. CO. *v.* BRIGHT
BRIGHT *v.* FINKBINE LUMBER CO.

[77 South. 316.]

1. TORTS. *Joint and several liability.*
   It is settled in this state that tort-feasors may be sued jointly
   and severally, and that one joint tort-feasor is not released
   from liability by suit or judgment against the others, but
   that it requires a satisfaction or payment to satisfy the lia-
   bility against joint tort-feasors.

2. MASTER AND SERVANT. *Relation. Performing service for another.*
   A person who is in the general employment of one person may
   be temporarily in the service of another with respect to a par-
   ticular transaction or piece of work, so that the relation of
   master and servant arises between them as where an employer

lends his employee to a third person for. a particular employ-
ment, the employee for any thing done in the particular em-
ployment, is the employee of the third person, though he re-
mains the general employee of the employer.

3. MASTER AND SERVANT. *Relation. Question for jury.*
    Whether or not plaintiff who was employed and paid by one party,
    but was injured while cranking an engine at the request of a
    foreman of another party was at the time of the accident the
    servant of the other party was a question for the jury.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

Suit by Robert Bright, a minor, by next friend, against
the Sawmill Construction Company and the Finkbine
Lumber Company. From a judgment against the first
named defendant only, both plaintiff and that defendant
appeal.

The facts are fully stated in the opinion of the court.

*A. W. Dent* and *Hirsh, Dent & Landau,* for appellant.

The appellant's evidence shows that he was working
under the orders of both the Sawmill Construction Com-
pany and the Finkbine Lumber Company; that he and
the other employees of the Sawmill Construction Com-
pany were required to do this. At the time appellant was
injured, he was attempting to crank a machine which was
being used by the Finkbine Lumber Company as a part
of the common purpose to complete the construction of
the mill. The strips to be cut by machine at the time
was to be run by Tennison and another employee of the
Finkbine Lumber Company. Bright, therefore, in pur-
suance of instructions, and in carrying out the common
purpose of both the Sawmill Construction Company and
the Finkbine Lumber Company, was at said machine un-
dertaking to crank it. We submit, therefore, that at the
time appellant was injured the relation of master and
servant existed between him, not only as to the Sawmill
Construction Company, but as to the Finkbine Lumber

Company, and that as the machine was in a broken down, defective, and dangerous condition at the time Tunnison, the foreman of the Finkbine Lumber Company, ordered him to crank it, and that in obeying said orders he was injured as a result of said dangerous and defective condition, then the Finkbine Lumber Company is liable, and it was error for the lower court to give said Finkbine Lumber Company the affirmative·charge. The mere fact that Bright was employed and paid by the Sawmill Construction Company is not decisive of the question presented here. The master, we submit, is the person in whose work he is engaged, and who has a right to direct and control the action of the servant.

"The payment ·of an employee by the day, or the control and supervision of the work by the employer, though important considerations, are not in themselves decisive of the fact that the two are master and servant. Servants who are employed and paid by one person may nevertheless be, *ad hoc*, the servants of another in a particular transaction, and that, too, even where their general employer is interested in the work. Obviously they may desert the service of their lawful master and work for another; or he may lend their services to another person, abandoning to the latter all control over them; or they may, without consulting their master, but in good faith, assist a person independently employed to do something which will benefit their master, but with which neither he nor they have any right to interfere, and in which they act entirely under the control of such other person." Sherman & Redfield on the Law of Negligence (5 Ed.), secs. 160, 161.

It must be apparent to this court from the facts stated, that both the Sawmill Construction Company and the Finkbine Lumber Company, were under a duty to furnish Bright a reasonably safe machine to crank, with a reasonably safe crank with which to crank said machine, and if they, or either of them failed to do so while he

was working for them, then the one ordering him to do the work would surely be liable.

"That, although the servant was in the general employment of the contractor, he had, as a result of some arrangement between his master and the principal employer, become the special servant of the latter for the purpose of the work in hand at the time when the injury in suit was received.

"That by virtue of the original agreement between the principal employer and the contractor, the former acquired the right of giving directions to the servants of the latter with regard to the manner in which the work was to be done. Manifestly, under such circumstances, the contractor is not, in the proper sense of the term, an "independent contractor," and according to the decided preponderance of authority both he and such person as he may engage for the work in hand are in law the servants of the principal employer who is responsible to a stranger for injuries caused by the negligence of a servant of the contractor; and to a servant of the contractor who grounds his claim upon the principal employer's nonperformance of one of those nondelegable duties which the law imposes on a master for the protection of his servants." *Johnson* v. *Lindsay* (1891), A. C. 371, 16 L. Q. B. (N. S.) 90; 65 L. T. (N. S.) 97; 40 Week Rep. 405; 55 J. P. 644; *Rourke* v. *White, Moss Collery Co.* (L. R.), 2 C. P. Div. 205, 46, L. J. C. P. (N. S.) 283; 36 L. T. (N. S.) 49; 25 Week Rep. 263; *Delaware L. & W. R. Co.* v. *Hardy,* 59 N. J. 35, 34 Atl. 986; *Delory* v. *Blodgett,* 185 Mass. 126, 64 L. R. A. 114, 102 Am. St. Rep. 328, 69 N. E. 1078, 15 Am. Neg. Rep. 581; *Ellinghouse* v. *Ajax Live Stock Co.,* L. R. A. 1916D., p. 840.

We, therefore, submit that the court erred in granting the appellee the Finkbine Lumber Company the peremptory charge, to jury to find for it. Surely, under the facts stated, and under the evidence as detailed in the bill of exceptions, the appellant should have been per-

mitted to submit his claim against the Finkbine Lumber Company to the jury. We respectfully submit that this cause should be reversed and remanded.

*W. B. Parker,* for appellee.

We contend that there was no liability on the part of Finkbine Lumber Company; that the declaration would not have supported a judgment against the Finkbine Lumber Company; that the demurrer of Finkbine Lumber Company on record pages 10 and 11 should have been sustained; and that the evidence shows conclusively that the appellant was employed by the Sawmill Construction Company, an independent contractor, and was under the direct supervision of its foreman, Mr. Dixon, who directed him on the day of the accident to do the very thing at which he claims to have been injured, the doing of which he claims caused the injury.

Appellant quotes Mr. Labatt in his treaties on Master and Servant, second edition, volume 1, section 40. We do not think the law applies for the reason that there was no proof whatever to show that there was an agreement between this appellee and the Sawmill Construction Company, the contractor whereby appellee secured the right of giving directions to the servants of the latter in regard to the manner in which this work was to be done.

It is our contention that the Sawmill Construction Company was the sole and only master of the appellant, had absolute control over him and his actions, and that at the time he was injured he was acting in the identical work which said Sawmill Construction Company had directed him to do and that it was on account of his instructions from said Sawmill Construction Company that he attempted to crank the gasoline engine and not on account of the request, or even the direction of Mr. Tunnison that he attempted to crank it. Mr. Tunnison merely advised him that he was ready for him to do the thing his master had instructed him to do.

In the case of *Ellinghouse* v. *Ajax Live Stock Company,* Lawyers Reports Annotated, 1916D., page 840, quoting from Wood, Master and Servant, paragraph 317, it is said:

"The real test by which to determine whether a person is acting as the servant of another is to ascertain whether at the time the injury was inflicted he was subject to such person's orders and control and was liable to be discharged by him for disobedience of orders or misconduct." See also 4 Thompson, Neg. 4996; 1 Shearm. & Redf., Neg. (5 Ed.), par. 225; *United States Board & Paper Co.* v. *Landers* (Ind. App.), 92 N. E. 203; *Union P. R. Co.* v. *Billeter,* 28 Neb. 422, N. W. 483; *Harris* v. *McNamara et al,* 12 So. 103.

Appellant relies upon the case of *Ellinghouse* v. *Ajax Live Stock Company,* L. R. A. 1916D., 840, to sustain his contention that at the time of the injury appellant was an employee of this appellee, the Finkbine Lumber Company, or to be more specific, appellant quotes from that decision merely a quotation of the court on page 840 to the effect that:

"The servant of one master may temporarily enter the service of another and for the time become the servant of the other; as when the servant is lent by his master to the other for the particular employment and becomes subject to the control of the other."

We do not think the facts in the case at bar make out such a case for the reason that appellant was not lent to the Finkbine Lumber Company, but on the contrary was directed by his own superior officer to crank the engine in question.

In conclusion, we submit that the undisputed facts of this case show that the Sawmill Construction Company, an independent contractor, employed appellant, Bright, paid him his salary, and controlled him in the work to be done by him. On the day of the injury the Finkbine Lumber Company had borrowed the use of the gasoline engine in question it is true, but Mr. Dixon, the foreman of

Sawmill Construction Company, appellant's employer, specifically directed him that if the Finkbine Lumber Company wanted to use that specific engine, which operated the ripsaw, that he should then and there crank it. The Sawmill Construction Company did not loan this appellee, the Finkbine Lumber Company their servant, the appellant; it loaned this appellee its ripsaw, which was run by a gasoline engine, and directed this appellant, its servant, to crank it. Appellant did not owe Finkbine Lumber Company any duty to crank said engine. He owed the duty to crank said engine to his master, the Sawmill Construction Company whom he says directed him to crank said engine, and in accordance with whose instructions he did attempt to do so.

If appellant, at the time he was requested to crank said engine by Tunnison, had refused to do so, could it be said from this record that either Tunnison or this appellee could have discharged him?

We respectfully submit that the lower court in granting the peremptory instruction, having before it the testimony in full, as given by the witness, was correct, and that this case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Robert Bright, a minor, by next friend brought suit against the Sawmill Construction Company, a corporation under the laws of the state of Georgia, and the Finkbine Lumber Company, a corporation under the laws of the state of Iowa, alleging that the Finkbine Lumber Company was erecting a sawmill at D'Lo, in Simpson county, Miss., and that the Finkbine Lumber Company had contracted with the Sawmill Construction Company to do a portion of the work in erecting the sawmill; that the plaintiff was employed by the said defendants as a common laborer to mix or assist in mixing or making concrete used in the construction of the said mill; that while thus engaged the foreman of the defendants com-

116 Miss.—32

manded the plaintiff to crank an engine commonly known as the ripsaw engine a part of the machinery used in the said plant and in the construction thereof; that the plaintiff is not a machinist, and was ignorant of the dangers appertaining to said employment, and that he was ordered to crank the engine without being instructed as to the danger incident thereto; that the said engine was defective, and that by reason of said defect it back-fired and struck the plaintiff on the jaw, breaking his jaw and knocking out several teeth, because of which he suffered permanent injuries, great pain and distress, and incurred large expense. It is alleged that the defendants were negligent in directing the plaintiff to crank a defective machine which the defendants knew, or should have known, was defective and dangerous, and in not furnishing plaintiff a reasonably safe machine with which to do the work he was directed to do and in directing the plaintiff to change from the work at which he was engaged to a work which was highly dangerous without instructing him how to do this work and of the dangers incident thereto, and in not furnishing plaintiff with a good, safe machine, or in not keeping it in safe and suitable repair, and in furnishing plaintiff a dangerous machine run with a highly dangerous agency, to wit, gasoline, without giving plaintiff full instructions relative thereto, and in furnishing plaintiff with a defective machine in a dangerous condition so that the crank thereof would jerk, wabble, run away, backward and forward, and in ordering him to use the same without advising him of the defective condition and dangers incident thereto, and in placing the plaintiff under a grossly incompetent and negligent foreman.

The testimony of the plaintiff showed that he was employed by the Sawmill Construction Company, and was paid by that company, but that it was the practice of the Sawmill Construction Company and the Finkbine Lumber Company to work their respective employees in common and to exchange the services of the employees when-

ever either thought proper to do. so. In other words, that the Finkbine Lumber Company had a right to use the services of plaintiff in any of its operations in the construction of the sawmill, and that the Finkbine Company's foreman, Tunnison, directed plaintiff to crank the machine in question without informing him of its dangerous condition; that the dangerous condition was known to the said foreman, and that in cranking, or attempting to crank, the said engine, on account of the defects known to the Finkbine Lumber Company, it backfired and ran away and struck plaintiff on the jaw. He testifies that he was directed by the foreman of the Sawmill Construction Company to perform any labor for the employers of the Finkbine Lumber Company that he was called upon to do by its foreman, and that it was customary under the arrangement between the two companies for the employees of the Sawmill Construction Company to work under the direction of the foreman of the Finkbine Lumber Company.

Other witnesses for the plaintiff corroborated his statement as to the defective condition of the machine and as to the custom of the Finkbine Lumber Company to use the employees of the Sawmill Construction Company whenever they deemed proper, and that acting under instructions of the foreman of the company, who had knowledge of the defects of the engine, plaintiff was injured while attempting to crank the machine without having knowledge of the defects existing in the machine. This testimony of plaintiff and his witnesses was contradicted by the foreman of the Sawmill Construction Company and by the foreman of the Finkbine Lumber Company. The Sawmill Construction Company and the Finkbine Lumber Company were sued jointly in tort, and at the conclusion of the evidence the court granted a peremptory instruction for the Finkbine Lumber Company, but submitted the case between the plaintiff and the Sawmill Construction Company to a jury, and the jury found a verdict for the plaintiff against the Sawmill Construc-

tion Company, which company, since the rendition of said judgment, has become bankrupt and the judgment rendered against it worthless to the plaintiff.

We see no error in the submission of the case on the part of the Sawmill Construction Company; but we think it was error for the court to grant the peremptory instruction on behalf of the Finkbine Lumber Company. That company contested liability upon two theories, one of which was that the suit was a joint suit and there was no proof of joint liability; and the other was that the plaintiff was not an employee of the Finkbine Lumber Company but was a mere volunteer in performing the services for the Finkbine Lumber Company, and the relation of master and servant did not exist. It is settled in this state that tort-feasors may be sued jointly and severally, and that one joint tort-feasor is not released from liability by suit or judgment against the other, but that it requires a satisfaction or payment to satisfy the liability against joint tort-feasors. *Bailey* v. *Delta Electric Light, Power & Manufacturing Co.,* 86 Miss. 634, 38 So. 354. We think it is well settled in other states that a person in the employ of one person or company whose services are loaned by his employer to another company or person becomes, for the purpose of the work assigned to him, the servant of the latter company, that is to say, the company for whom the work is performed. In *Westover* v. *Hoover,* 88 Neb. 201, 129 N. W. 285, that court said:

"A person who is in the general employment of one person may be temporarily in the service of another with respect to a particular transaction or piece of work so that the relation of master and servant arises between them, even though the general employer may have no interest in the special work."

In the case of *Wiest* v. *Coal Creek R. Co.,* 42 Wash. 176, 84, Pac. 725, the court said:

"Where an employer lends his employee to a third person for a particular employment, the employee, for

anything done in the particular employment, is the employee of the third person, though he remains the general employee ₒof the employer. . . . An employee has a right to rely on the performance by the employer of the duty to furnish a safe place in which, and safe appliances with which to work.''

See, also, *Hannigan* v. *Union Warhouse Co.*, 38 N. Y. Supp. 272; *Johnson* v. *Ashland Water Co.*, 71 Wis. 553, 37 N. W. 823, 5 Am. St. Rep. 243; *Railroad Co.* v. *Loosely,* 76 Kan. 103, 90 Pac. 990; Bailey on Personal Injuries (2d Ed.) section 25; Labatt's Master and Servant (2d Ed.) section 17.

We think if the plaintiff's evidence be accepted as true he was entitled to a judgment against the Finkbine Lumber Company. The matter, at all events, should have been submitted to a jury under proper instructions.

*Reversed and remanded.*