MILLER, STATE TAX COLLECTOR, *v.* PHIPPS *et al.*

(Division A.   March 16, 1931.)

[133 So. 128.   No. 29143.]

Nov. 2, 1931.)

**B. B. Allen**, of Indianola, and **J. H. Sumrall**, of Jackson, for appellant.

J. L. Williams and Frank Everett, both of Indianola, and Wm. M. Hall, of Memphis, Tenn., for appellees.

Argued orally by **B. B. Allen**, for appellant, and by **Frank E. Everett**, for appellee.

ON THE MOTION.

**McGowen, J.**, delivered the opinion of the court on the motion to strike bill of exceptions from the record.

This case was tried in vacation by a special chancellor. The official stenographer was duly notified to file a transcript of the evidence, but failed so to do; and, within the time allowed therefor by paragraph d, section 1, c. 145, Laws 1920, Hemingway's Code 1927, section 599, which now appears as section 729, Code of 1930, counsel for the appellant presented to the chancellor a bill of exceptions setting forth his conception of the evidence introduced and rulings made at the trial. The

chancellor declined to sign the bill of exceptions, and counsel then attached thereto his affidavit to the correctness thereof and filed it with the clerk of the court below.

A motion has been filed by counsel for the appellee to strike this bill of exceptions from the record. On the failure of the stenographer to file a transcript of the evidence a bill of exceptions may be prepared, under the statute hereinbefore referred to, "as in cases where no stenographer takes down the evidence," and, in event of the refusal of the trial judge to sign such bill of exceptions, it can be made a part of the record by the attorney who represented the party taking the appeal making affidavit to the correctness thereof, "and proceedings shall be taken thereon similar to those provided in preceding section for cases in which the judge should be prevented from signing the bill of exceptions." Code 1906, section 797. The "preceding section" is section 796, Code 1906, Hemingway's Code 1927, section 594, which now appears as section 589, Code 1930, under which such a bill of exceptions will be accepted by this court unless and until error therein is pointed out by counsel for the appellee in the manner provided by the statute.

In the absence of a denial under oath that the bill of exceptions is correct, we treat same as though it had been agreed to be correct by counsel. This record is not so challenged, and therefore the question of whether or not it is correct is not here presented for decision.

The motion will be overruled.

ON THE MERITS.

McGowen, J., delivered the opinion of the court on the merits.

On November 5, 1925, W. J. Miller, state revenue agent, appellant here, filed his bill against certain members of the board of supervisors of Sunflower county, the sureties on their bonds, the Bank of Commerce & Trust Company of Memphis, Tenn., and several other

defendants, on several independent disconnected causes of action based upon unlawful and alleged fraudulent allowances by the board of supervisors; the several transactions accruing in the year 1920. A demurrer of all the defendants was sustained thereto on December 20, 1926. Although containing several grounds, the demurrer was evidently sustained on the ground that the bill was multifarious. The order of the court will be more fully considered in connection with a discussion of the law of the case.

Four days later, a separate bill was filed by the complainant against said members of the board of supervisors, the sureties on their bonds, and said Bank of Commerce & Trust Company. The separate bill sought to reform the bonds of the officers alleging that they fraudulently executed bonds for six thousand dollars when the statute required bonds in excess of twenty-six thousand dollars. The bill further alleged that, because of a fraudulent arrangement between the Bank of Commerce & Trust Company and the board of supervisors, issues of bonds were sold for less than their face value, and by which sales there was a loss to the county of thirty-four thousand dollars.

Subsequently, all parties defendant filed a demurrer to the separate bill upon the same grounds as alleged in the demurrer to the original bill, omitting the ground of multifariousness. The demurrer of the Bank of Commerce & Trust Company was sustained. The complainant declined to amend his bill, and the bill was finally dismissed as to the bank. Complainant Miller was then granted an appeal. The defendants whose demurrer was overruled were allowed time within which to file answer. Subsequently the defendants filed an answer denying all fraud alleged in the original bill as to the sale of the bonds, and denied the legal implications deduced by the complainant from certain allegations of fact, and, by leave of the court, an amendment was finally filed, in

which certain pleas were made a part of the answer of all defendants. There was a plea in bar of the suit because of the statute of limitations of three years next before December 24, 1926, as found in chapter 286 of the Laws of 1926. There was also a plea that because the complainant had elected to proceed against the Bank of Commerce & Trust Company and the pleading defendants, and had prosecuted to final judgment the cause of action against the bank, that therefore the complainant, having elected to proceed against the bank, had thereby elected to pursue an inconsistent remedy, and that under the doctrine of election of remedies the suit was barred. There was also a plea to the effect that the cause of action had been abated by an act of the Legislature.

The defendants made a final motion that the plea filed be taken up and disposed of by the court, separate and apart from the answer. The record shows that the complainant joined issue on the pleas by the simple statement, "issue joined in short." The defendants offered no evidence in support of their pleas, but the complainant offered in his evidence the record consisting of the pleadings and orders of the court theretofore made.

On November 25, 1929, the record shows that the plea of all the defendants was adjudged by the court to be sufficient both in law and in fact and was sustained, and the original bill was dismissed. A motion was promptly made to vacate the last-named decree, which, on May 22, 1930, was overruled by the court, and appeal is prosecuted here.

It has been most difficult to determine from the record the action of the court below, because of the unusual arrangement thereof, but we think we have set forth above a fair resume of the record in its salient features.

Counsel for appellant insist that the court sustained the plea of election of remedies and overruled the other pleas. This is not specifically denied by counsel for appellees, and we cannot determine from the record which

of the three pleas was sustained by the court, so that we shall consider the three pleas, being of the opinion that the decree of the court would be upheld if this court should determine either of the three pleas was sufficient either in law or in fact.

First. The plea in bar because of the statute of limitations. This plea is based upon chapter 286, p. 401 of the Laws of 1926, section 6996, Code of 1930, which is in this language: "The state tax collector shall bring all suits authorized by this act within three years after the cause of action accrues and not thereafter." Chapter 286 sought to abolish the office of revenue agent and to create the office of state tax collector, and fix the duties and powers of said latter office; said act being approved March 12, 1926. In connection therewith, the last paragraph of section 3 of said act invested the then revenue agent with all the powers vested in the new state tax collector, until the latter office was filled by the election to be held in November, 1927, and further specifically provided as follows: "And shall have the authority to carry on to a conclusion all suits now pending but brought prior to January 1, 1926, in the name of the revenue agent that are not expressly abated by statute," etc.

We think it proper in this connection to refer to chapter 282 of the Laws of 1926, which, in its first section, validated as to the matter of sale all county and road district bonds and the price received therefor, and the payment of fiscal agents to sell such bonds, as to all such bonds sold and paid for for more than three years prior to January 1, 1926. Section 2 abated all suits brought subsequent to January 1, 1926.

The sharp contention of counsel for appellees is that when the court below entered its order of December 20, 1926, sustaining the demurrer and dismissing the bill filed November 25, 1925, the litigation terminated, and that the separate bill filed herein four days later became

and was a new suit, and therefore the suit was both barred and abated by the legislative acts to which we have referred. It is necessary for us to consider the order of December 20, 1926, the applicable part of which is in these words: "It is therefore ordered, adjudged and decreed that the said demurrers be, and each of them is hereby sustained, and the said bill dismissed as to each of the said defendants, without prejudice to such rights as the complainant may have to institute separate bills against the defendants; but the said defendants shall be required to plead to such bills as may be filed by the complainant within thirty days from the date of filing thereof, without process, as of the December 1926 term of this court."

The language quoted from the decree or order of the court, we think, is a substantial compliance with section 396 of the Code of 1930 as to multifariousness. The decree is inartificially drawn, but we think that the language thereof makes it reasonably clear that the demurrer was sustained on account of multifariousness; that the complainant was allowed to file separate bills, and that the several defendants were required to answer without process as of that term of the court. The record shows that they did so answer, and, while the order does say in term that the bill should be dismissed, it is qualified by the words, "without prejudice to such rights as the complainant may have to institute separate bills." We are further persuaded to adopt this view because the court subsequently overruled the same demurrer omitting the charge of multifariousness as to all the defendants in the separate amended bill, except the Bank of Commerce & Trust Company. The cause of action arose in 1920, but there is no contention that it was barred by any statute when the original bill was filed. We have quoted from section 3, chapter 286 of the Laws of 1926, which authorizes the revenue agent to carry on and conclude suits pending and brought before January 1, 1926;

a distinct reservation, as we view the act, to the revenue agent of his right to continue this suit. The contention that the filing of the separate bill, under the order which we have quoted, began a new suit, is without merit. The separate bill in this case is not a new suit. The effect of filing the new bill, after demurrer had been sustained on the ground of multifariousness, is to recast the suit, and not to terminate it. See Griffith Chancery Practice, section 207, which we quote: "And as has already been seen the effect of the objection if sustained is not to dismiss the bill but to require it to be recast and its several matters properly separated." See, also, Robertson v. Monroe County, 118 Miss. 546, 79 So. 187.

We are therefore of the opinion that the so-called three-year statute of limitations has no application to the instant case, and therefore that plea cannot be sustained either in law or in fact.

Second. Do the statutes which we have quoted with reference to the statute of limitations plea abate the action? It will be noted that the revenue agent was empowered to carry on and conclude suits pending and brought before January 1, 1926. We have already decided that the filing of a separate bill on December 24, 1926, was not a new suit, but was a continuation of the old suit filed prior to January 1, 1926, so that what we have said with reference to the statute of limitations is equally applicable to the plea that the Legislature abated it, which renders it unnecessary for us here to decide the very serious question arising on the threshold of this case as to whether the Legislature has the power to abate an action pending in the courts of the land.

Third. Appellees contend that the filing and prosecuting to an unsuccessful termination of the suit on the same cause of action against the Bank of Commerce & Trust Company was an election of remedies which releases the defendants, who were required to answer when

the bank escaped liability by the decree of the court sustaining its demurrer and dismissing the bill as to it.

The bill charges, in substance, that the Bank of Commerce & Trust Company, the purchaser of bonds, and the board of supervisors in 1920, entered into a conspiracy by which the bank bought, and the members of the board of supervisors sold, bond issues of certain road districts of that county for thirty-four thousand dollars less than their face value—par and accrued interest. It charges that this arrangement was a conspiracy and a fraud on the part of the members of the board of supervisors and on the part of the bank, and sets forth orders of the board of supervisors which the revenue agent alleges prove his contention. Be that as it may, the bill charges a joint liability by which the county, through the revenue agent, had a right to sue either or both for the alleged wrongful fraudulent act. We are unable to perceive how the doctrine of election can be invoked in such a case, because, forsooth, the bank escaped liability perhaps for the reason that no appeal was prosecuted from the decree in its favor, and the decree became final. If this bill charges anything with clarity, it does charge that there was concerted action and joint fraud of the bank and board of supervisors; it is inescapable.

The doctrine of election of remedies applies only where a party, having elected to pursue one of two inconsistent remedies open for the assertion of a right arising from the same state of facts, is estopped from afterwards pursuing the other. 20 C. J. 1.

Where the seller of land sought to recover land conveyed by her from her creditors alleging that her deed was void, and also alleging that she was entitled to the land, whether the deed was void or not, by the doctrine of subrogation, it was held that the pursuing of the one right was not an election as to the other. Watson v. Perkins, 88 Miss. 64, 40 So. 643.

Joint tort-feasors are both jointly and severally liable, and may be proceeded against either singly, jointly, or individually, or all combined. See Bailey v. Delta Elec. Light Co., 86 Miss. 634, 38 So. 354.

Where two or more owe another a joint duty, and by a common neglect of that duty such other person is injured, then there is joint tort with joint liability. Nelson v. I. C. R. R. Co., 98 Miss. 295, 53 So. 619, 31 L. R. A. (N. S.) 689.

It is stated by counsel that the court below applied the doctrine of election of remedies in this case under the authority of Quitman County v. Miller, 150 Miss. 841, 117 So. 262. An examination of that case reveals to us that it has no application to the case at bar, save that the rule there announced is applied here. In that case, the revenue agent brought a suit against Gore for money borrowed from funds of the county, alleging that the loan was unlawful, and, while that suit was pending, Gore paid the money into the county treasury without paying the revenue agent his commission. It was held that the revenue agent had a right to sue the borrower, Gore, for his commission, or he might, in the alternative, sue the county, and, in this state of the case, if the revenue agent elects to sue Gore, the borrower, and prosecutes the suit to judgment, he, the revenue agent, is bound by the election so made, and cannot thereafter sue the county for the commission. The court there distinctly held that there was no joint liability of the county and Gore, that the liability was that of either, but not both, and that therefore there were two inconsistent remedies available. Miller was held bound by his election. In the Gore Case there was no joint liability. In this case, joint liability and joint action of fraud and joint duty to the county is shown by the complainant. In such case, there is no election of remedies where one such defendant escapes liability to the end that the other defendants are released thereby. This case should be

tried on its facts, which we have studiously avoided taking up in detail. None of the pleas should have been sustained by the court, but they should have been overruled, and the issue of fact tried by the court.

Reversed and remanded.