## Moore *v.* Foster *et al.*

(Division B. April 4, 1938. Suggestion of Error Overruled April 18, 1938.)

[180 So. 73. No. 33141.]

**J. S. Finch**, of Booneville and **J. D. Finch**, of Iuka, for appellant.

I. L. Sheffield, of Fulton, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

Arthur Moore, appellant, brought an action against John Foster, one of the appellees, a constable of Itawamba county, for wrongfully and negligently shooting appellant on or about July 15, 1934. On said date appellant and some other young men were parked in an automobile on a public road near Kirkville, in Itawamba county, and had some beer which, at that time, was not legal in that county. It seems that appellee Foster and Jack Grissom, another constable, having received information that there might be trouble, had secreted themselves near the place where the shooting occurred,

while a deputy sheriff was farther down the road in his car; that seeing the unloading of the contraband beer, they ran from their place of hiding, and upon the approach of the officers, the appellant, and some of the other young men, ran from the scene, and as they ran Foster and Grissom started after appellant and others firing their pistols concertedly in seeking their arrest. · As appellant did not stop, these officers in firing at him hit his arm, breaking it. These officers testified that their purpose was to arrest appellant, and that they shot at an elevation not intending to hit him, but only to frighten him into stopping.

According to the testimony for the appellant, Foster fired and Grissom had turned back to the car for the purpose of arresting the others, while the testimony of Foster and Grissom showed that they were firing at the same time, and that Foster did not continue shooting after Grissom turned back to the car.

It is not shown that these officers had warrants for these parties, but that is immaterial, as officers are not permitted to shoot fleeing misdemeanants for the purpose of arrest, either upon warrants, or for crimes committed in their presence. Brown v. Weaver, 76 Miss. 7, 23 So. 388, 42 L. R. A. 423, 71 Am. St. Rep. 512; State, to Use of Johnson v. Cunningham, 107 Miss. 140, 65 So. 115, 51 L. R. A., (N. S.), 1179.

It was contended by the appellees that there could be no recovery unless it was shown by a preponderance of the evidence that the shot fired by Foster inflicted the wound on appellant. Foster was sued alone, and Grissom and the deputy sheriff were not joined in the suit.

It will be seen from the statement that Foster and Grissom were acting in a common purpose in seeking the arrest of the appellant, and each negligently and wrongfully fired at the fleeing appellant. It has long been settled in this state that joint tort-feasors may be sued jointly or individually, and that liability may be joint or

several. Westerfield v. Shell Petroleum Corporation et al., 161 Miss. 833, 138 So. 561; Sawmill Const. Co. v. Bright, 116 Miss. 491, 77 So. 316; Waterman-Fouke Lumber Co. et al. v. Miles, 135 Miss. 146, 99 So. 759; Oliver v. Miles, 144 Miss. 852, 110 So. 666, 50 A. L. R. 357, and Illinois C. R. R. Co. v. Clarke, 85 Miss. 691, 38 So. 97. In the case of Oliver v. Miles, supra, the facts are very much in point here. There Oliver and one Shamburger were hunting birds and a covey flew across the public road. Both fired at this covey across the highway, and Miles, who was traveling on the highway, was wounded. He was unable to tell which one shot him, and the court there held that Oliver and Shamburger were jointly and severally liable, and that Miles was entitled to recover against either or both.

Under the authorities above cited, Foster and Grissom were each liable, regardless of which one of the pistols used hit appellant.

Instruction No. 1, complained of by the appellant, told the jury that before they could return a verdict against the defendants they should be convinced by a preponderance of the evidence that John Foster shot and thereby inflicted the injury, and if not so convinced, it was their sworn duty to return a verdict for defendants.

Instruction No. 2 charged the jury for the defendants that: "John Foster, one of the defendants in this case, is not liable for the acts of any other man, and unless the proof convinces you by the preponderance thereof, that he and not some other, fired the shot that inflicted the injury, then it is your sworn duty to return a verdict in favor of the defendants."

Instruction No. 3 charged the jury for the defendants that if "you should return a verdict against the defendants, it should be for only such sum that you have been convinced by a preponderance of the evidence will compensate for the injury, but the Court says to you, in this connection, that you can not find against the defendants

for any sum unless you are convinced by a preponderance of the evidence that John Foster fired the shot that inflicted the damage.''

These instructions are erroneous, as the parties, according to their own testimony, were engaged in a common enterprise, and each committed the negligent and wrongful acts in carrying out their common enterprise. It was not necessary to prove which one inflicted the wound.

The judgment of the court below will therefore be reversed, and the cause remanded for a new trial in accordance with the principles above announced.

Reversed and remanded.