MONSOUR *v.* FARRIS *et al.*

(Division A. May 23, 1938.)

[181 So. 326. No. 33238.]

Jacobson & Snow, of Meridian, for appellant.

**M. V. B. Miller** and **Reily & Parker,** all of Meridian, for appellees.

Argued orally by **Gabe Jacobson**, for appellant, and by **Marion W. Reily** and **M. V. B. Miller**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This appeal is from a judgment rendered in the Circuit Court of Lauderdale county for the sum of $4,000.00 on account of personal injuries and damages sustained by Joe Farris, of Meridian, Mississippi, in an accident which occurred on the 2nd day of April, 1934, while he was riding as a guest of the appellant in an automobile in the state of Louisiana.

The suit was originally filed by the said Joe Farris on the 11th day of February, 1935. While the case was pending he died on June 7th, 1935, and left surviving him his wife and four children, one of whom was a minor. The case was predicated upon article 2315 of the Revised Civil Code of Louisiana, which provides, among other things, that, "Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it," and whatever cause of action Joe Farris had in his lifetime survived for a period of one year after his death to his wife and his minor daughter, as sole beneficiaries thereof, to the exclusion of the other three adult children, as therein provided for. But on October 10th, 1935, an adult son of Joe Farris took out letters of administration for the purpose of conducting the original suit, and to enforce any and all rights and liabilities accruing to the estate of Joe Farris, deceased, although there were none so accruing, on account of the physical pain and suffering and other damages sustained by him, by reason of the injury sued for. On that date an order

was entered by the Circuit Court attempting to revive the cause in the name of the administrator, and to authorize him to file an amended declaration. A demurrer to this amended declaration was interposed, which was set for hearing in vacation, and finally sustained in term time on October 29th, 1936. Whereupon a petition was presented, asking that Mrs. Mary Farris, the widow of Joe Farris, and his four children, Fred Farris, Venea Farris, A. J. Farris, adults, and Victoria Farris, a minor, be substituted as plaintiffs in the place and stead of the administrator. This authority was granted, and thereafter the declaration was amended so as to substitute the names of only the wife and minor daughter as plaintiffs, they being the sole beneficiaries of the survived cause of action as aforesaid. This last declaration alleged the same facts as to the accident and injury to Joe Farris as alleged by the administrator, and sought recovery of the same elements of damage.

Since the right of action for a personal injury does not survive the death of the injured person, either under the common law or the civil law of Louisiana, it is abated by the death of the person injured, except for article 2315 of the Civil Code of that state, whether such person dies from the injury or from some other cause, and regardless of whether he has, or has not, instituted suit to recover the damages. In other words, the cause of action held by the injured person is not inheritable, but survives only by virtue of the above-mentioned statute in derogation of common law and civil law. And under the decisions of the Supreme Court of Louisiana the statute must be strictly construed. Kerner v. Trans-Mississippi Terminal R. Co., 156 La. 853, 104 So. 740; and Reed v. Warren, 172 La. 1082, 136 So. 59.

It is well settled that a statute which creates a cause of action not known to the common law, and fixes a time within which an action must be commenced thereunder, is not a statute of limitation, but the right given thereby is a conditional one, and the commencement of the ac-

tion within the time fixed is a condition precedent to any liability under the statute. The time prescribed is an integral part of the statute, and the completion of the time prescribed completely extinguishes the cause of action.

In Brister v. Wray-Dickenson Co., Inc., 159 So. 430, the Court of Appeals of Louisiana held that the failure to exercise the right within the prescribed delay, under the Workmen's Compensation Law, effects an absolute lapse of the right, and that the stipulated time within which the right must be exercised was not a mere prescription. By analogy the same rule is applicable here.

Relying on the provisions of article 2315 of the Revised Civil Code of Louisiana, and the decisions of the Supreme Court of that state, appellant also demurred to the amended declaration which sought to substitute the appellees as plaintiffs, the ground of the demurrer being that they were not made parties to the suit until after the expiration of one year from the death of Joe Farris; and appellant contends that by this amendment a different cause of action to that sued on by Joe Farris was asserted for the first time on behalf of the appellees—the former cause of action being one of common or civil law liability, and the latter being a statutory cause of action. This demurrer was overruled.

However, the real question is whether the amendment relates back to the attempted revival of said suit in the name of the administrator, whereby he was seeking within a period of one year after the death of Joe Farris to recover for the same injury, and on the same facts later asserted by the appellees, as beneficiaries under article 2315 of the civil code.

It must be conceded that although the court below had jurisdiction to revive the suit, he was without legal authority to do so in the name of the administrator of the estate of Joe Farris, deceased, or to authorize him to prosecute a cause of action, which accrued alone to the wife and minor daughter, instead of to the estate or

to all of the heirs. However, the question as to whether the amendment which substituted the real beneficiaries after the one-year period expired had the effect of relating back to the attempted revival of the suit in the name of the administrator, so as to prevent the application of the limitation of one year, is not without difficulty in view of the decision of the U. S. Supreme Court in the case of Missouri K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; where a suit brought by the plaintiff in her individual capacity within two years after an accident had occurred as governed by the Federal Employers' Liability Act, 45 U. S. C. A. Sec. 51 et seq., and on which cause of action suit could be brought only by the personal representative within that time, was allowed to be amended accordingly, after the expiration of two years, where she was the sole beneficiary thereof in either instance, the Court saying that the amendment was not equivalent to the commencement of a new cause of action, but that the change was in form, and not in substance, where the same facts were relied on to show liability.

But the decision in the case at bar need not necessarily rest on the issue as to whether or not the cause of action was barred before the appellees became parties to the litigation in such capacity as to prosecute the same for their own joint use and benefit. The judgment must be reversed on the facts relied on to constitute actionable fault on the part of appellant under article 2315 of the Civil Code of Louisiana. The proof shows, without material conflict, that the automobile in which the appellant invited Joe Farris and others to ride with him from Meridian to Shreveport had been driven approximately 17,000 miles as a family car, mostly in the city; that the tires on this car were the ones with which it was equipped when purchased new about sixteen months previous to the accident; that before they left Meridian, on April 2nd, 1934, the appellant, in company with his son, had a mechanic examine or check the car to ascertain wheth-

er it was in a suitable condition for making the trip; that both they and the mechanic examined the tires, and that there were no apparent defects in any of them; that appellant's son then drove the car from Meridian on the trip, as far as Tallulah, Louisiana, a distance of more than 150 miles, and at a much greater rate of speed than it was being driven at the time of the accident, without any tire trouble having developed on the way; that upon leaving Tallulah, Louisiana, one of the other guests, a Mrs. Abraham, who was a competent driver of several years' experience, was driving the car at a reasonable and lawful rate of speed, not in excess of 45 miles per hour, on a straight and paved highway, when the tire on a rear wheel had a "blow-out" and came off the wheel; that thereupon the lady lost control of the car, and it turned over and injured Joe Farris; that he and other injured guests were carried back to Tallulah, Louisiana, and that some of the occupants proceeded on in the car to Shreveport and then returned to Meridian, after the spare tire was transferred to this wheel at the scene of the accident; that at least two, if not all three, of the other tires were used on the car continuously thereafter, until they had been driven a total distance of 25,100 miles; that the car had been kept in a dry garage when not in use, and no proof was offered by appellees to show whether the tire in question had ever been punctured or abused.

The proof further shows, without the slightest conflict, that tires of that make and quality are customarily used with reasonable safety until they have been driven at least 25,000 miles; that the life of a tire depends on the manner in which it has been used, the number of punctures sustained, whether it has been kept in a damp instead of a dry place when not in use, and on many other considerations as to the care taken of them; and it was shown that blowouts are not peculiar to tires used for any given maximum amount of mileage.

The result is that under the decisions of the courts of Louisiana, which control in the present case, it cannot be said that one is negligent, or that his act involves an unreasonable risk of harm to another when such other is invited to ride in a car on which the tires have been driven 17,000 miles, in the absence of proof that the tires contain any apparent defects, or defects which could have been discovered by the owner in the exercise of ordinary care, and where it is only shown that the owner knew that his tires were worn and weak as compared with the condition of newer tires.

That the appellant in good faith believed that the tire in question was reasonably safe for travel is evidenced by the fact that he permitted its use by his own family, and both he and his son were passengers in the car when the accident occurred.

In the case of Banta v. Moresi, Court of Appeals of Louisiana, 9 La. App. 636, 119 So. 900, 901, the Court said: "Counsel for plaintiff endeavors to hold defendant responsible because, as he contends, he knew, at the time he invited plaintiff for the ride to Arnaudville, that the tires on his car were in bad condition. There is no proof that there were any apparent defects in the tires, or that defendant had any reason whatsoever to believe that there were any, latent or otherwise. It was his family car, and it cannot be justly supposed that he would have used it if the tires had been in a precarious condition, as he had ample means to replace them. It was shown, it is true, that the car had traveled 14,000 miles, but it appears from the evidence of experienced men in the automobile business that tires of the character in question, after being used over 25,000 miles, are still in good running order. Because the tires on his car had gone over 14,000 miles, therefore, affords no ground for the contention that defendant knew or even should have known that the tires might have been in bad condition, if in fact they were. The proof is, however, that a new tire may be deflated at any time and without previously show-

ing any defects in its make or construction. This, it appears, may likewise happen to an old tire. Such being the proof on this question, we find no merit in the contention that defendant had any knowledge of any defect in the tires of his car. As a matter of fact, he could not have had such knowledge, if any existed, as the deflating of a tire may be the result of causes for which it is difficult if not impossible, to account, as appears from the testimony."

In Huddy on Automobiles, 7th Ed., Sec. 803, which has been quoted with approval by the Louisiana courts, the rule is thus stated: "In some cases the rule seems to have been adopted that the driver of a motor vehicle is not liable for injuries received by his guest, when such injuries are the result of a defect in the vehicle not known to the driver. This view is sustained by the reasoning that the relation between the parties is that of licensor and licensee, and following the principle of defective buildings and premises, it is said that a licensee takes the vehicle as he finds it. Under such a rule, the driver is liable only for active negligence, which increases the hazard or creates a new one."

Moreover, our Court in the case of Green v. Maddox, 168 Miss. 171, 172, 149 So. 882, 151 So. 160, where the injury was sustained in Louisiana, recognized the rule that a person gratuitously transported in a motor vehicle, whether at his request or at the owner's invitation, assumes all ordinary risks of injury incident to automobile travel; and we think that riding on tires which have been used for approximately 17,000 miles, and which have no apparent defects discoverable by the owner in the exercise of ordinary care, is one of the ordinary risks of automobile travel being assumed daily throughout the country. It is a matter of common knowledge that such tires may be found on a large percentage of the cars now in constant use by persons in the more humble stations of life. A familiar instance is the great number of cars being sold by what are known as "used car" agencies,

and where such tires are considered by ordinarily prudent persons to be reasonably safe for use. A knowledge that these tires are weak, as was shown by the statement of the appellant in this case to the husband of one of the guests before they left Meridian, may cause the owner to be apprehensive of tire trouble on a trip, and at the same time not be sufficient to cause him, as an ordinarily prudent person, to regard them as dangerous or unsafe for use. The failure of appellees in their attempt to prove that the tire in question had "boots" in it as a result of punctures, or to show other apparent defects, than the mileage traveled on the tire, was a failure to make substantial proof of negligence.

The requested peremptory instruction for the appellant we think, should have been given.

Reversed and judgment here for the appellant.

Reversed and judgment here.