MILLER PETROLEUM TRANSPORTERS, LTD., et al. *v.* PRICE.

No. 41213 October 5, 1959 114 So. 2d 756

*Beard, Pack & Ratcliff*, Laurel, for appellants.

*Quitman Ross,* Laurel; *Lester F. Williamson,* Meridian, for appellee.

ETHRIDGE, J.

On the night of August 7, 1957, George Otho McGruder was killed when an automobile in which he was riding

ran into the rear of a truck owned by Miller Petroleum Transporters, Ltd., and driven by appellant Hodges. This suit, which was brought by deceased's administrator in the Circuit Court for the Second Judicial District of Jones County, resulted in a verdict and judgment for plaintiff in the amount of $57,000.00.

The verdict is amply supported by the evidence. We mention evidence favorable to plaintiff which the jury was warranted in finding to be true. McGruder was riding on the right side of the front seat in a car belonging to him and his wife. She was driving north on U. S. Highway No. 11 in Jones County. The wife, Elna Ruth McGruder, was driving between 50 to 55 miles an hour, within the speed limit. North of the Town of Sandersville a private road from the property of the Southland Refinery intersects Highway No. 11 on the west side at approximately a right angle. Appellant Hodges was driving a tractor and trailer with a petroleum tank on the latter. The entire vehicle was 42 feet in length, and weighed as loaded 56,000 pounds or 23 tons. Hollis Wolgamott was also driving a tractor and trailer, loaded with asphalt. Both of these heavy vehicles left the refinery and drove up to within 50 feet of Highway No. 11, side by side, facing east. The two drivers talked briefly. It was night, and they saw the McGruder car coming north. Nevertheless, Wolgamott turned his truck south on the highway, and appellant Hodges turned his truck to the left to go north. The effect of both vehicles coming out side by side was momentarily to "blind" Elna Ruth McGruder with the lights from the southbound truck. She then saw appellant's large vehicle going across the road heading north. She applied her brakes, skidded about 25 feet before the impact, and 9 feet after it, into the center of the bumper of the trailer. Appellant's vehicle before the collision had reached the right or east side of the highway, except that the left back tandem wheels of the trailer were on the center

line at the time of the impact. The point of impact was on the east side of the highway, six feet north of the middle of the intersection of the highway and side-road.

Two highway patrolmen, who arrived shortly after the accident, said they saw no evidence of excessive speed by the McGruder car. The two truck drivers and another man testified that the car was going at a rate of speed in excess of the speed limit, but appellee's evidence was to the contrary. This presented an issue of fact for the jury. Appellants' witnesses also testified that the two trucks did not stop at the intersection side by side, but that the Hodges truck turned north first, and the Wolgamott truck followed and turned south. This and other issues were typical questions for a jury to decide. Certainly the weight of the evidence supports the jury's conclusion that, in violation of the provisions of Miss. Code 1942, Sec. 8197, appellant's vehicle pulled out on the highway at a time when the McGruder car was "approaching so closely on said through highway as to constitute an immediate hazard."

The evidence also supports the quantum of damages awarded by the jury. George McGruder at the time of his death was 28 years of age, in good health and with a life expectancy of 37.70 years. He was regularly employed, earning $2.19 an hour. He left surviving him a 21-year-old widow and a 5-year-old daughter. Assuredly, under these circumstances, and in the light of the negligence of appellants which resulted in the death, we cannot say that the jury's verdict is grossly excessive, or so unreasonable as to evince bias, passion and prejudice.

The trial court refused appellants an instruction stating, in brief, that, if McGruder's car was traveling at an unlawful rate of speed, "then the driver of said automobile was guilty of negligence," and if such negligence, if any, was the sole proximate cause of the collision, then the jury should find for defendants. Appellants say the

trial court so acted because the instruction did not have in it the phrase, "the preponderance of," before "the evidence." They did not elect to stand on this refusal, but then submitted and were given an instruction as so modified. Nevertheless, they complain of refusal of the first.

 Defendants obtained seven other instructions which amply set forth their position. Several submitted in substance the law with reference to speed of the car, if the jury found the same was the sole proximate cause of the collision from the "evidence." The burden of proof was placed upon plaintiff. The jury cannot believe anything from the evidence unless it is proved by the greater weight of the evidence. St. Louis-San Francisco Railway Co. v. Dyson, 207 Miss. 639, 652-653, 43 So. 2d 95 (1949). Considered as an entirety, the instructions which were given amply set forth appellants' case.

 Moreover, if defendants did not choose to use the instruction as modified, they should not have accepted the modification, but should have stood upon the error in the modification, if any. Mississippi Central Railroad Co. v. Hardy, 88 Miss. 732, 746, 41 So. 505 (1906). 1 Alexander, Mississippi Jury Instructions (1953), Sec. 24, page 16, states: "As a matter of course, counsel is not bound to accept the instruction as modified, but if he use it he may not be heard to complain."

 There was no error in permitting plaintiff's counsel to use the chart in his final argument. This was settled in Four-County Electric Power Assn. v. Clardy, 221 Miss. 403, 429, 433, 73 So. 2d 144, 44 A. L. R. 2d 1191 (1954). See also Brown-Miller Co. v. Howell, 224 Miss. 136, 148, 149, 79 So. 2d 818 (1955); Nehi Bottling Co. v. Jefferson, 226 Miss. 586, 596, 84 So. 2d 684 (1956); Sandifer Oil Co. v. Dew, 220 Miss. 609, 71 So. 2d 752 (1954); Arnold v. Ellis, 231 Miss. 757, 765, 97 So. 2d 744 (1957). Appellants assert it was re-

versible error for the trial court to permit plaintiff's counsel to use the chart in his final argument, without permitting rebuttal by defendant's counsel. But in the light of the foregoing decisions, and because plaintiffs' counsel in the initial closing argument stated that they would deal with the amount of damages on rebuttal, we cannot say that the trial court abused its discretion in refusing defendant's counsel an additional rejoinder argument.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.