JUNKINS *v.* BROWN, et al.

No. 41369 February 8, 1960 117 So. 2d 712

*M. M. Roberts,* Hattiesburg, for appellant.

*Heidelberg & Sutherland, Earle L. Wingo,* Hatties-burg, for appellees.

146

McGEHEE, C. J.

The appellee, Mrs. Mildred Brewer Brown, and her minor children Connie Sue Brown and Willard Thomas Brown, Jr., brought this suit in the Circuit Court of Forrest County against the appellant Charles W. Junkins and Eric Cruthirds for damages on account of the death of Willard Thomas Brown, husband of the ap-

pellee, Mrs. Mildred Brewer Brown and Father of the appellees, Connie Sue Brown and Willard Thomas Brown, Jr. In the declaration of the appellees they charged that the appellant Charles W. Junkins and his codefendant Eric Cruthirds were jointly liable and responsible for the death of Willard Thomas Brown in an automobile collision at the intersection of the Gorenflo Road, running north and south, and U. S. Highway 90 running east and west, in Harrison County, Mississippi, on the 25th day of October 1958. At the conclusion of all of the testimony and the introduction of maps and photographs of the scene of the accident and of one of the automobiles involved, the trial court, upon motion of the defendant Eric Cruthirds, granted a peremptory instruction in his favor. He testified as an adverse witness and had given his version of what occurred at the scene of the accident. The appellant Charles W. Junkins did not testify, and did not offer any other witness to dispute the testimony of the witnesses for the appellees or other evidence offered on behalf of the appellees. The jury returned a verdict in favor of the appellees in the sum of $35,000 against the appellant Charles W. Junkins.

The appellant assigns nine alleged grounds of error, which may be summarized, in the contention that the appellant was entitled to a directed verdict; that the trial court was in error in directing the jury to find for the defendant Eric Cruthirds, in that such action deprived the appellant of the right to require Cruthirds to contribute to the payment of any judgment rendered; that the court erred in not sustaining the motion for a new trial on the grounds asserted therein, including the granting and refusing of certain instructions; permitting the plaintiffs to use a chart setting forth the alleged loss of earnings, medical, hospital and funeral expenses, and the sum of $_____for the loss of companionship and guidance; the granting of a peremptory instruction

in favor of the codefendant Cruthirds; and in not holding that the verdict was excessive.

At about 4:55 A. M. the defendant Cruthirds was proceeding northward on the Gorenflo Road in a Ford automobile, and he testified that as he reached the intersection of said road with Highway 90 he stopped two or three feet south of the beginning of the intersection, looked in both directions on Highway 90, and that, not seeing or hearing an automobile approaching from either directions, he "eased on up to" the intersection and proceeded across the same at a rate of speed of approximately seven or eight miles per hour; that as his front bumper had about reached the north line of the intersection he was struck in the left side of his Ford by an automobile approaching from the west on Highway 90, and which approaching automobile turned out to be a DeSoto car driven by the appellant Junkins, and in which Willard Thomas Brown was an invited guest and passenger. The photograph of the DeSoto automobile discloses that the hood and front end thereof was almost completely demolished. No photograph of the northward bound Ford was introduced, it appearing that the same had been junked, but the proof discloses that the front end thereof was badly damaged when it ran head-on into the tree hereinafter mentioned. There were no skidmarks on the pavement, and no one had heard a horn blow or brakes squeak. A Mr. Waits and a Mr. Woods, residing at or near the intersection, heard the tremendous crash of the automobiles and went immediately to the scene of the accident. They testified on behalf of the plaintiffs as to what they saw and heard.

It appears from the evidence that the Ford automobile going north was struck on its left side, near the driver's seat, as aforesaid, by the automobile approaching from the west and traveling east; that the Ford went from the place of the impact in the north lane of Highway 90, in a northeasterly direction until it struck a

pine tree some thirty-five or more feet from the center of the intersection; and that the DeSoto automobile, coming from the west, after striking the Ford automobile, came to a rest at a time when it was headed back in the direction from which it came.

The witnesses Waits and Woods found that the De-Soto automobile was on top of Willard Thomas Brown and they managed to get the car straightened up and off of his body. Mr. Brown died about forty-four hours later after suffering considerable physical pain as a result of his injuries.

The proof disclosed that the deceased was thirty-six years of age, that he was earning a salary of $6,300 per annum; that he was strong and healthy and had a life expectancy of thirty-two and one-half years, and that hospital, funeral and burial expenses amounted to $977. The appellee Mrs. Brown was twenty-four years of age and her two children were of tender years. The family lived in Hattiesburg, Mississippi, and neither they nor the appellant Junkins were known to the witnesses Cruthirds, Waits and Woods. The suit was for the recovery of $100,000 as damages but the chart used before the jury during the opening and closing arguments for the plaintiffs disclosed an estimate of total damages in the sum of $205,727. A bill of exceptions was duly taken by the appellant to the use of this chart before the jury during the opening and closing arguments on behalf of the plaintiffs.

██ █ As to the first assignment of error, we are of the opinion that the physical facts and the testimony of the witnesses presented an issue for the jury as to whether or not the negligence of the appellant was a contributing, proximate cause of the accident and of the death of the plaintiffs' intestate.

██ █ As to the second assignment of error, the appellant cannot complain of the trial court's granting a peremptory instruction in behalf of his codefendant Eric

Cruthirds. ██ In this State joint tort feasors are jointly and severally liable and may be proceeded against, at the election of the plaintiff, either singularly or jointly, individually or collectively. Bailey v. Delta Electric Light, Power & Mfg. Company, 86 Miss. 634, 38 So. 354; Sawmill Construction Company v. Bright, 116 Miss. 491, 77 So. 316; Miller, State Tax Collector v. Phipps, et al., 161 Miss. 564, 133 So. 128, 137 So. 479; Buckley v. United Gas Service Company, 176 Miss. 282, 168 So. 462; Moore v. Foster, et al.; 182 Miss. 15, 180 So. 73; Hutto v. Kremer, 222 Miss. 374, 76 So. 2d 204.

 ██ Moreover, the appellant did not appeal as to the defendant Cruthirds. The appellees, widow and children of Willard Thomas Brown, deceased, are the sole beneficiaries named in the appeal bond herein. Cruthirds is not before this Court on this appeal and we are without authority to disturb the action of the trial court in his favor when the trial court granted a directed verdict in his favor.

Again our statute on contribution among joint tort feasors, Section 335.5, Code of 1942, provides: "In any action for damages where judgment is rendered against two (2) or more defendants, jointly and severally, as joint tort feasors, the defendants against whom such a judgment is rendered shall share equally the obligation imposed by such judgment, and if one (1) of such defendants pays an amount greater than the total sum of the judgment divided by the number of defendants against whom judgment was rendered, then the other defendants shall be jointly and severally liable to him for the amount so paid in excess of his proportionate part. * * *" See Mississippi Central Railroad Company v. Roberts, et al., 173 Miss. 487, 160 So. 604; Klass v. Continental Southern Lines, Inc., et al., 225 Miss. 94, 82 So. 2d 705.

We find no error in the action of the trial court in overruling the motion for a new trial.

■■ As to the use of the chart in estimating and urging the jury to award an adequate verdict, there is presented a question which has been dealt with in previous decisions of this Court, and the question has been decided adversely to the contention of the appellant. See Four-County Electric Power Association v. Clardy, 221 Miss. 403, 73 So. 2d 144; Brown-Miller Company v. Howell, et al., 224 Miss. 136, 79 So. 2d 818; Nehi Bottling Company of Ellisville, et al. v. Jefferson, Admr., 226 Miss. 586, 84 So. 2d 684; Arnold, et al. v. Ellis, 231 Miss. 757, 97 So. 2d 744; and Miller Petroleum Transporters, Ltd. v. Price, Admr., 237 Miss. 284, 114 So. 2d 756.

■■ We have already dealt with the first part of this assignment of error, and as to the contention that the verdict is excessive, we do not think that in view of the age, life expectancy, earning capacity and prior good health of the deceased, and considering physical pain and suffering, loss of companionship, etc., that this verdict can be deemed grossly excessive.

■■ Finally, it is urged that the deceased assumed the risk involved in riding as a passenger and guest of the appellant Junkins, but this affirmative defense was not pleaded and we do not think that a guest assumes the risk of a driver's negligence. Only all ordinary risks involved in becoming the guest of one in an automobile is assumed. Green v. Maddox, 168 Miss. 171, 149 So. 882; Gower v. Strain, 169 Miss. 344, 145 So. 244; Monsour v. Farris, et al., 181 Miss. 803, 181 So. 326; Hatcher v. Daniels, 228 Miss. 196, 87 So. 2d 490.

It therefore follows that the verdict and judgment appealed from must be, and is, hereby affirmed.

Affirmed.

*Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.