ON MOTION TO STRIKE
En banc.
LEE, Justice,
for the Court:
Mississippi State Highway Commission (Commission) filed suit in the Circuit Court of Jackson County against Altamil Corporation (Altamil), Treadwell Ford, Inc. (Tread-well), and others for damages to the Esca-tawpa River bridge caused when the dump body of a truck struck it. At trial, the lower court sustained motions for directed verdicts in favor of Treadwell and Ford Motor Company, dismissing them from the suit. The jury returned a substantial verdict against Altamil whose motion for judgment notwithstanding the verdict, or in the alternative, a new trial, was overruled. Al-tamil then filed its petition for appeal, prepaid the costs, and executed a supersedeas bond. The only parties involved here are Altamil, the Commission and Treadwell.
From the time of Treadwell’s dismissal, no proceedings or documents were served on it until the Commission filed a cross-assignment of errors and brief, which were mailed to Treadwell’s trial counsel. Thereupon Treadwell filed a motion to strike the *1014 cross-assignment of errors and brief insofar as they pertained to it.
Altamil answered Treadwell’s motion to strike by simply stating that Altamil had no objection for enlargement of time in order that Treadwell might file whatever documents it felt necessary, and cited no authority.
The Commission responded to the motion and contended that it is authorized by law and the rules of this Court to cross-appeal as to errors claimed by it to have occurred in the trial below, if an appeal was perfected by any defendant. Further, it contended that the appeal by Altamil with supersedeas brought the entire judgment on appeal before this Court, that the Commission was entitled to file its cross-appeal as authorized by Miss.Sup.Ct. Rule 6, that the Commission brought the action in its official capacity as an agency of the State of Mississippi, and that it was not required by the statute to execute an appeal bond.
The supersedeas bond referred to was executed by Altamil and its surety in the sum of fifty-two thousand dollars ($52,000). The sole obligee in the bond is Mississippi State Highway Commission. Altamil was the only direct appellant in the action. In fact, Treadwell had no reason or right to appeal since it was not aggrieved by the lower court’s action in dismissing it.
In Bolls v. Sharkey, 226 So.2d 372 (Miss.1969), the Court said:
“On June 20, 1967, the appellee filed suit against the appellant and Hartford for recovery of the seven thousand dollar judgment. After hearing all of the testimony in the case, the judge directed a verdict in favor of the defendant, Hartford, and directed a verdict in favor of the appellee and against the appellant in the sum of five thousand dollars. Whereupon, the appellant filed an appeal to this Court. The appellee also attempted to appeal as to Hartford, but no bond was filed, and, upon motion by Hartford, the appellee’s cross-assignment of errors and that portion of the appellee’s brief which related to Hartford were stricken from the record.” 226 So.2d at 374.
The Commission in the case sub judice, and the appellee above are similarly situated.
Altamil occupies a position akin to Junkins, where, in Junkins v. Brown, 238 Miss. 142, 117 So.2d 712 (1960), it was stated:
“As to the second assignment of error the appellant cannot complain of the trial court’s granting a peremptory instruction in behalf of his codefendant Eric Cru-thirds. In this State joint tortfeasors are jointly and severally liable and may be proceeded against, at the election of the plaintiff, either singularly or jointly, individually or collectively. Bailey v. Delta Electric Light, Power & Mfg. Company, 86 Miss. 634, 38 So. 354; Sawmill Construction Company v. Bright, 116 Miss. 491, 77 So. 316; Miller v. Phipps, 161 Miss. 564, 133 So. 128, 137 So. 479; Buckley v. United Gas Service Company, 176 Miss. 282, 168 So. 462; Moore v. Foster, 182 Miss. 15, 180 So. 73; Hutto v. Kremer, 222 Miss. 374, 76 So.2d 204.” 238 Miss. at 150-151, 117 So.2d at 715.
The Commission, however, argues that it was not required to execute a bond since the suit was brought in its official capacity as an agency of the State of Mississippi. Such is true, but the Commission was not relieved from taking a direct appeal against Treadwell, which was not a party to Altam-il’s appeal, if it desired appellate relief.
Mississippi Code Annotated Section 11-51-13 (1972) and 11-51-15 (Supp.1980) provide the method of appeal in such a situation as exists here:
“The mode of obtaining an appeal from any judgment or decree, other than such as are provided for to be granted by the court or chancellor, shall be by petition, in writing, to the clerk of the court where the judgment or decree was rendered, or where the record of the judgment or decree to be appealed from may be.” MCA § 11-51-13 (1972).
“The petition for appeal need only state the rendition of the judgment or decree to be appealed from, and ask for an appeal. Such petition shall be marked *1015 by the clerk “filed,” and shall be dated and the marking filed shall be signed by him. The clerk shall copy said petition, with the endorsements on it, in the transcript of the record to be made by him. The time of presenting such petition for an appeal shall be considered the time of taking the appeal, if costs be then paid as required.” MCA § 11-51-15 (Supp.1980).
In Duckworth v. Allis-Chalmers Manufacturing Co., 247 Miss. 198, 150 So.2d 163 (1963), the Court said:
“There are no statutes or rules [1] of this Court providing for cross-appeals. However, by long continued custom and practice, an appellee may take a cross-appeal against the direct appellant without the execution of an appeal bond, by simply filing a cross-assignment of errors, provided the entire record, or so much of it as is necessary for consideration of the cross-appeal, has been brought to this Court by the direct appeal. A cross-assignment of errors may be filed when appellee’s brief is due. [Citations omitted].” 247 Miss. at 207, 150 So.2d at 166-167.
and
“The appellee does not have the right to introduce new parties to the appeal before this Court, without making an appeal bond as to such parties who do not come before the Court on direct appeal. The decree of the trial court as to the latter is separable and independent from the decree as between the direct appellant and his appellee, Allis-Chalmers.” 247 Miss. at 210, 150 So.2d at 168.
We are of the opinion that, since Altamil was the only direct appellant in the case sub judice, and, since the Commission did not perfect a direct appeal against Treadwell in the manner provided by law, Treadwell is not now before this Court and the motion of Treadwell to strike the cross-assignment of errors and appeal insofar as they relate to it, is sustained. This motion was considered by a conference of the justices en banc.
MOTION SUSTAINED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ, and SUGG, WALKER, BROOM, BOWLING and COFER, JJ, concur.

. Miss.Sup.Ct. Rule 6 provides for cross appeals.